| | |
|---|---|
| STATE OF INDIANA | ) CLERK KAREN M MARTIN ) SS: IN THE PORTER SUPERIOR COURT SITTING IN VALPARAISO, INDIANA |
| COUNTY OF PORTER | ) 2016 SEP 15 A 10: 37 |

FILED

PORTER CIRCUIT AND
SUPERIOR COURTS

SCOTT MCCONNELL and,
JENNIFER NEELY, a.k.a.
JENNIFER MCCONNELL )
)
)
  Plaintiffs, )
)
    v. )
)
U.S. BANK NATIONAL ASSOCIATION, )
AS INDENTURED TRUSTEE FOR THE )
HOLDERS OF CASTLE PEAK 2011-1 )       Cause No. 64005-1609-mI-8617
LOAN TRUST, MORTGAGE-BACKED )
NOTES, SERIES 2011-1 BY: CASTLE )
PEAK CAPITAL ADVISORS, LLC; )
BAYVIEW LOAN SERVICING, LLC; )
SELENE FINANCE, LP; SHELLPOINT )
MORTGAGE SERVICING; BOF CORP )
IVB, a.k.a., BAYVIEW DISPOSITIONS )
IVB, LLC, and MTGLQ INVESTORS, L.P. )
)
  Defendants. )

## DECLARATORY JUDGMENT AND COMPLAINT

### I.  INTRODUCTION

1.       Plaintiffs Scott McConnell and Jennifer Neely, a.k.a. Jennifer McConnell, bring this

request for Declaratory Judgment in response to multiple claimants as owners and servicers of

their mortgage and note associated with their home located at 2124 Jackson St., Portage, IN

46368.

2.       Plaintiffs are unable to determine the actual lenders and mortgage servicers to whom the

debt is owed and payment is to be made.

3.       Plaintiffs have requested a Declaratory Judgment for all Defendants U.S. Bank National

Association, as Indentured Trustee for the Holders of Castle Peak 2011-1 Loan Trust, Mortgage-

Page 1 of 11

Backed Notes, Series 2011-1 By: Castle Peak Capital Advisors, LLC (US Bank); Bayview Loan

Servicing, LLC (Bayview); Selene Finance, LP (Selene); Shellpoint Mortgage Servicing

(Shellpoint); BOF Corp Ivb, also known as Bayview Disposition, Ivb, LLC (BOF Corp); and

MTGLQ Investors, L.P. (collectively "Defendants") in order to determine to whom the debt is

owed and payment is to be made.

4.      Pursuant to Indiana Trial Rules 18 and 19, under the same operative facts, Plaintiffs file

this complaint against Defendants US Bank and Selene for cause of wrongful foreclosure against

Plaintiffs, in violation of I.C. § 3.1-301 *et seq.*, as defined by I.C. § 26-1-3.1-101 *et seq.*, and all

other relevant federal and state laws.

5.      This action also challenges the Defendant's attempts to collect an alleged consumer debt

in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA) and

the applicable laws of the State of Indiana, including fraud and deceit.

6.      Congress wrote the FDCPA to eliminate abusive debt collection practices by debt

collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent state action to protect

consumers against debt collection abuses.  See 15 U.S.C. §§ 1692(a) to (e).

7.      This case involves money, property, or other equivalent, due or owing or alleged to be

due or owing from a natural person by reason of a consumer credit transaction. As such, this

action arises out of a "consumer debt" and "consumer credit" as those terms are defined by law.

8.      Plaintiffs bring this action to challenge the misconduct of Defendant with regard to

Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an

alleged debt by harassment and abuse, failure to send proper validation notices, false, deceptive,

misleading representations, and improper contact with debtor and third parties which caused

Plaintiffs actual and statutory damages.

9.    Scott and Jennifer have made payments for escrow to trust of Plaintiff's counsel, and are

willing as ordered by the court to make payments to the court registry, since they are fully

willing to make payments.

10.    Plaintiffs seek equitable relief and both compensatory and punitive monetary damages.

## II. PARTIES

11.    Plaintiff, Jennifer McConnell, a.k.a. Jennifer Neely, is an adult citizen of the United

States, residing in Porter County, Indiana.

12.    Plaintiff, Scott McConnell, is an adult citizen of the United States, residing in Porter

County, Indiana.

13.    Plaintiffs, Jennifer and Scott, were allegedly obligated to pay debts related to their

residence, 2124 Jackson St., Portage, Indiana 46368 (Residence), and are, therefore,

"consumers" and "debtors" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA and

Indiana law.

14.    Defendants, U.S. Bank National Association, as Indentured Trustee for the Holders Of

Castle Peak 2011-1 Loan Trust, Mortgage-Backed Notes, Series 2011-1 By: Castle Peak Capital

Advisors, LLC; Bayview Loan Servicing, LLC; Selene Finance, LP; Shellpoint Mortgage

Servicing; BOF Corp Ivb, a.k.a. Bayview Dispositions Ivb, LLC, and MTGLQ Investors, L.P.

("Defendants") use an instrumentality of interstate commerce or the mails in a business, the

principal purpose of which is the collection of debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another in Porter

County, Indiana.

15.    Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6): (a)

That is attempting to collect an alleged debt from Plaintiffs without a bona fide fiduciary obligation or bona fide escrow arrangement; (b) That is attempting to collect an alleged debt from Plaintiffs that it does not own; or, (c) That was assigned to it after Plaintiffs defaulted on a note and mortgage related to the Residence.

### III. OPERATIVE FACTS

16.     On July 14, 2003, the Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Company, recorded a mortgage as lender for Plaintiffs Scott and Jennifer McConnell, notarized in this Porter County, Indiana.

17.     Thereafter, the mortgage was assigned a number of times to different lenders with differing servicers.

18.     On February 8, 2008, Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Company, recorded an assignment that assigned the mortgage to the Residential Funding Company, LLC, notarized in the State of Pennsylvania.

19.     On November 5, 2012, Residential Funding Company, LLC, recorded an assignment that assigned the mortgage to the U.S. Bank National Association, as indentured Trustee for the Holders of Castle Peak 2011-1 Loan Trust, Mortgage-Backed Notes, Series 2011-1 By: Castle Peak Capital Advisors, LLC ("US Bank"), notarized in the State of Minnesota.

20.     Upon assignment to US Bank, the mortgage server became Selene Financing, LP ("Selene").

21.     During 2014, Jennifer and Scott began financially supporting Jennifer's mother and father due to her mother's illness, which placed Jennifer and Scott four months behind on their mortgage.

22.     Selene began Jennifer and Scott's first loan modification, which Selene charged

approximately $2,000.00 in addition to mortgage payments towards the trial loan modification period.

23. However, Selene failed to execute the loan modification when they misspelled Jennifer's maiden name, and informed Jen and Scott that they would have to proceed with a second loan modification.

24. On February 24, 2015, US Bank files a complaint on note and to foreclose on mortgage against Jennifer and Scott.

25. On September 19, 2015, Selene charged Jen and Scott another $2,000.00 plus mortgage payments for a second loan modification approved at 8%, which was recorded on October 5, 2015.

26. On or about October 1, 2015, Jen and Scott were notified that their mortgage servicer had changed to Bayview Loan Servicing, LLC ("Bayview")

27. Upon receiving this notice, Jennifer and Scott contacted Bayview to inquire about the change in mortgage servicer, but Bayview informed them that Bayview had already sold it to another company, but that Bayview did not have any record of to whom they sold it.

28. On March 26, 2016, Shellpoint Mortgage Servicing ("Shellpoint") contacts Jennifer and Scott to inform them that Shellpoint is now the servicer for the mortgage.

29. However, on April 26, 2016, US Bank recorded an assignment that assigned the mortgage to Bayview notarized in the State of Minnesota, and Bayview claims that they are again the mortgage servicers.

30. On April 29, 2016, Jennifer and Scott receive a letter from Bayview informing them that their mortgage loan "had a change of creditor [but] the servicing entity has not changed." The new creditor for the mortgage was listed as BOF Corp Ivb ("BOF Corp"), with an ownership

transfer date of April 4, 2016.

31.    No assignment was filed for the assignment of Bayview to BOF Corp.

32.    On May 26, 2016, US bank dismisses the lawsuit against Jennifer and Scott without stating any reasoning.

33.    Despite requests by Jennifer and Scott, Bayview refuses to recognize the recorded second loan modification from Selene, and subsequently sends Jennifer and Scott documents to begin a third loan modification

34.    Despite requests by Jennifer and Scott, Selene refused to send to Bayview the records of payments or the $4,000.000 made during the two loan modifications and also refused to send a copy of either loan modification to Jennifer, Scott, or Bayview, because Selene called the courtesy papers.

35.    On or about June 6, 2016, Bayview then sends Jennifer and Scott a letter stating that Bayview has become the mortgage servicer over Shellpoint.

36:    On or about June 17, 2016, Plaintiff's Counsel sent qualified written requests under the Real Estate Settlement and Procedure Act (section 2605(e)), Truth-in-Lending Act (TILA), TILA-RESPA Integrated Disclosures (TRID) Rules, and the Fair Debt Collection Practices Act, to Defendants Shellpoint, Bayview, BOF Corp, and Selene in order to determine the proper mortgage lender and servicer, but no response was ever made by any of the Defendants.

37.    On or about July 27, 2016, Jennifer receives a mortgage bill from Bayview addressed only in her name, and on the same day, Scott received a mortgage bill from Shellpoint only in his name.

38.    On July 12, 2016, Bayview recorded an assignment that assigned the mortgage to the Bayview Disposition Ivb, LLC. (a.k.a. "BOF Corp"), notarized in the State of Missouri.

Page 6 of 11

39.     Also on July 12, 2016, Bayview Dispositions Ivb, LLC. (a.k.a. "BOF Corp") recorded an

assignment that assigned the mortgage to MTGLQ Investors, L.P. notarized in the State of

Florida.

40.     Upon the time of this request for declaratory judgment:

    (a)     Selene has not provided and/or Bayview has not recognized any of the mortgage
payments or charges towards both loan modifications;

    (b)     Bayview has not recognized the loan modifications and has requested another
loan modification to be performed by Jennifer and Scott;

    (c)     Both Bayview and Shellpoint are claiming to be the mortgage servicers on the
mortgage;

    (d)     One of either Bayview, Bayview Dispositions Ivb, LLC (a.k.a. "BOF Corp") or
MTGLQ Investors, L.P. may be the lenders for the mortgage; and

    (e)     US Bank, Selene, Bayview, Bayview Dispositions Ivb, LLC (a.k.a. "BOF Corp"),
Shellpoint, and/or MTGLQ Investors, L.P. have severely impaired the credit of both
Jennifer and Scott.

41.     Since at least November 5, 2012, Defendants have attempted to collect alleged debts

related to the Residence from Plaintiffs by:

    (a)     Causing Plaintiffs' telephone to ring or engaging Plaintiffs in telephone
conversations repeatedly or continuously with intent to annoy, abuse, or harass Plaintiffs
at the called number;

    (b)     Threatening to take action against Plaintiffs that it could not legally take or that
was not intended to be taken;

    (c)     Misrepresenting the character, amount, or legal status of the debt to Plaintiffs;

    (d)     Fraudulently and deceitfully inducing Plaintiffs into multiple loan modifications,
collecting payments, wrongfully threatening foreclosure, and wrongfully filing
foreclosure suit;

    (e)     Fraudulently and deceitfully not recognizing prior payments, sending multiple
collections letters from different servicers to parties individually, and attempting to
collect the debt in a manner that is harassing and abusive;

(f)     Collecting amounts that were not expressly authorized by the agreement creating the debt; and,

(g)     Mailing misleading/confusing documents to Plaintiffs and failing to properly validate the alleged debt.

42.     Defendants took these collection actions against Plaintiffs when it knew or should have known that:

(a)     Plaintiffs had paid for multiple loan modifications;

(b)     Plaintiffs had paid for prior mortgage payments;

(c)     The debt had been assigned and

(d)     Other mortgage servicers were servicing the loan

(e)     Plaintiffs did not owe Defendant any money; and

(f)     Defendant had no right to collect any money from Plaintiffs;

42.     Defendants engaged in these unfair collection practices negligently, unreasonably, recklessly, intentionally, wantonly, or wilfully.

43.     The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the FDCPA and Indiana's wrongful foreclosure laws and all other relevant federal and state laws.

44.     The foregoing acts and/or omissions of Defendants were extreme and outrageous.

45.     The foregoing acts of Defendants caused Plaintiffs severe emotional distress and mental and physical anxiety attributable to, or as a direct result of, Defendants' actions.

46.     The foregoing acts of Defendants were the proximate cause of mental strain, humiliation, financial injury, and hardship to Plaintiffs.

47.     As a result of Defendant's violations of FDCPA and state law, Plaintiffs have suffered

Page 8 of 11

out-of-pocket expenses, emotional distress, and are entitled to actual damages, statutory

damages, and reasonable attorney's fees and costs pursuant to FDCPA.

## IV. LEGAL COUNTS

### COUNT I: Fair Debt Collection Practices Act

48.     The foregoing acts of Defendants violated § 804 (Acquisition of Location Information); §

805 (Communication in Connection with Consumer Generally); § 806 (Harassment or Abuse); §

807 (False or Misleading Representations); § 808 (Unfair Practices); and § 809 (Validation of

Debts) of the FDCPA.

### COUNT II: Fraud and Deceit

49.     Defendants made one or more misrepresentations to Plaintiffs which related to material

existing facts when Defendants knew or should have known that its statements were false to

induce Plaintiffs to rely on its statements which they did to their own injury.

### COUNT III: Failure to Comply with Disclosure Requirements

50.     Defendants failed to make adequate disclosures as requested by the Plaintiff under the

Real Estate Settlement and Procedure Act (section 2605(e)), Truth-in-Lending Act (TILA),

TILA-RESPA Integrated Disclosures (TRID) Rules, and the Fair Debt Collection Practices Act.

### COUNT IV: Wrongful Foreclosure

51.     Defendants wrongfully foreclosed the Residence of Plaintiffs when Defendants knew or

should have known that Defendants did not have the right to foreclose.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Issue a Declaratory Judgment pursuant to Trial Rule 57 of the Indiana Rules of Trial Procedure declaring the appropriate mortgage lender and mortgage servicer to whom payment based on the production of the original note so as to determine the appropriate mortgage lender and mortgage servicer;

B. Award Plaintiffs compensatory and punitive damages for wrongful foreclosure of their property

C. Award Plaintiffs damages and attorney fees against Selene, as servicer for US Bank, and/or Bayview, as servicer for either Bayview or BOF Corp, and/or Shellpoint for unfair practices and wrongfully withholding funds for the purpose of inducing multiple loan modifications, for harassing Jennifer and Scott with multiple bills from different servicers and lenders, in violation of the Fair Debt Collection Practices Act;

D. Require immediate repair to Plaintiffs' credit scores;

E. Award Plaintiffs actual damages, including emotional distress, in an amount to be proven at trial;

F. Award Plaintiffs statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1692(a)(2)(A);

G. Award Plaintiffs pre-judgment interest;

H. Award Plaintiffs punitive damages in an amount to be proven at trial;

I. Award Plaintiffs costs and attorney fees pursuant to 15 USC § 1692k(a)(3); and,

J. Award Plaintiffs all other just and equitable relief.

## VI. JURY DEMAND

The plaintiff, pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, hereby

demands trial by jury on her claims for damages.

Respectfully Submitted,

Isaac I. Carr, #32534-64
Counsel for Plaintiff
P.O. Box 350
Westville, IN 46391
(317) 308-9612